IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | CR 12-18E |
| JOSEPH L. OLLIE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM ORDER

A pre-trial conference and jury trial is scheduled in this matter for Tuesday, August 13, 2013 at 9:00 A.M. However, the Defendant, Joseph Ollie, has filed a "Motion to Request For Self-Representation/Request for Appointment of Standby Counsel During the Proceedings" [ECF #62].

In U.S. v. Booker, 684 F.3d 421, 425 (3d Cir. 2012), the appellate court explained:

"The right to counsel embodied within the Sixth Amendment carries as its corollary the right to proceed pro se." [United States v.] Peppers, 302 F.3d at 129.

> [S]ince a person cannot secure the right to proceed *pro se* without sacrificing the right to counsel, we have required defendants to assert the right to proceed *pro se* affirmatively and unequivocally, and we have placed on the court the burden of establishing that the defendant who does so acts voluntarily, and that he understands both the scope of the right sacrificed and the restrictions and challenges that he will face.

Id. As the Supreme Court has indicated, a defendant must knowingly and intelligently forgo the traditional benefits associated with the right to counsel before he can proceed in representing himself. Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In United States v. Moskovits, 86 F.3d 1303 (3d Cir.1996), we articulated a standard for determining whether a waiver of the right to counsel was knowing and intelligent:

> For a waiver of the right to counsel to be knowing and intelligent, which it must be in order to be valid, the defendant should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open. To ensure that a defendant truly appreciates the dangers and

> disadvantages of self-representation, ... a defendant's waiver must be made
> with an apprehension of the nature of the charges, the statutory offenses
> included within them, and the range of allowable punishments thereunder.

Id. at 1306 (internal quotation marks and citations omitted).

Id. at 425-26. Accordingly, we will set a hearing for Tuesday, August 13, 2013 at 9:00 A.M. to consider Defendant's assertion of his implicit right under the Sixth Amendment to proceed *pro se*. Faretta, 422 U.S. at 820. In addition, we will continue the currently scheduled pre-trial conference and jury trial until further notice.

With respect to Defendant's request that Attorney Foreman, his current defense counsel, be appointed as his stand-by counsel, the Defendant is instructed that he does not have the absolute right to standby counsel of his choice.

Defendant also needs to be aware that standby counsel's role is dramatically different than appointed counsel's role. Standby counsel is appointed as an attorney who is present in the courtroom, follows the evidence and proceedings, and who can replace the defendant if the court determines during the trial that the defendant can no longer be permitted to proceed *pro se*. Standby counsel assists the defendant in procedural matters the defendant is unfamiliar with and to facilitate a speedy and efficient trial by avoiding the delay often associated with *pro se* representation.

The following Order is hereby entered:

AND NOW, to-wit, this 9th day of July, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that a hearing on the Defendant's waiver of the right to counsel and his request that Attorney Foreman be appointed as his standby counsel shall be held on Tuesday, August 13, 2013, at 9:00 A.M. in Courtroom A, 2nd Floor, of the Federal Courthouse in Erie, Pennsylvania.

Tuesday, August 13, 2013, at 9:00 A.M. in Courtroom A, 2nd Floor, of the Federal Courthouse in Erie, Pennsylvania.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, and DECREED that the Pre-trial Conference and Jury Trial set for Tuesday, August 13, 2013, is hereby continued until further notice.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the time period within which Defendant's Sixth Amendment right to counsel issues are considered and ultimately resolved shall be excluded under Title 18 U.S.C. §§ 3161(h)(8)(A) and (h)(8)(B)(iv), since the Court finds that in the interest of justice, this time period is necessary for consideration of Defendant's request to proceed *pro se,* and the protection of his Sixth Amendment right to counsel.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Joseph Ollie