IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| vs. | ) CR No. 12-18E<br>) |
| JOSEPH LEE OLLIE | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

Pending before the Court is the Government's Notice of Intention to Introduce Rule 404(b) Evidence at Trial [ECF 83]. By this motion, the Government seeks a ruling from the Court as to whether it can introduce the following evidence pursuant to Fed.R.Evid. 404(b): (1) evidence that Ollie was observed in the vicinity of a residence at 11535 Shadduck Road, Northeast, Pennsylvania on November 24, 2011, the day before he allegedly entered the home at 11618 Shadduck Road, Northeast, Pennsylvania; (2) evidence that Ollie burglarized another residence, at 11721 Shadduck Road, Northeast, Pennsylvania, on or about November 25, 2011, prior to entering the home at 11618 Shadduck Road, Northeast, Pennsylvania; and (3) evidence that in 2012, Ollie unlawfully attempted to obtain a firearm by lying on a federal firearms transaction form about his prior record.

Federal Rule of Evidence 404(b) states as follows:

**(b) Crimes, Wrongs, or Other Acts.**

**(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2) Permitted Uses; Notice in a Criminal Case.**

This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

> **(A)** provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> **(B)** do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed.R.Evid. 404(b). Thus, Federal Rule of Evidence 404(b) prohibits the use of evidence of "other crimes, wrongs, or acts" to prove the character of a person. Id.

As explained by the Third Circuit court in United States v. Davis, 726 F.3d 434 (3d Cir. 2013): "Prior-acts evidence is admissible only if it is (1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested." Id. at 441 (footnote and citations omitted). Thus, "[f]or starters, the prior-acts evidence must be relevant to a proper purpose, and it must be relevant without requiring the factfinder to make a propensity inference." Id. at 442 (citing United States v. Sampson, 980 F. 2d 883, 887 (3d Cir. 1992) ("If the government offers prior offense evidence, it must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed drug offenses before, he therefore is more likely to have committed this one."). See also United States v. Butch, 256 F.3d 171, 175 (3d Cir. 2001) (the "threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." ). Further, "the conviction must be relevant based on what the factfinder knows about the prior act." Davis, 726 F.3d at 442.

If Rule 404(b)-type evidence is relevant and probative, then we must next examine "if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Evidence is not properly excluded under Rule 403 simply because it is prejudicial, or detrimental to a party's case. Rather, as explained by the appellate court in Carter v. Hewitt, 617 F.2d 961 (3d Cir. 1980):

> Evidence is unfairly prejudicial only if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." It is unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish," or otherwise "may cause a jury to base its decision on something other than the established propositions in the case." A classic example of unfair prejudice is a jury's conclusion, after hearing a recitation of a defendant's prior criminal record, that, since the defendant committed so many other crimes, he must have committed this one too. This is an improper basis of decision, and the law accordingly prohibits introduction of prior convictions to demonstrate a propensity to commit crime.

Id. at 972 (internal footnote and quotations omitted).

**1. Evidence that Ollie was observed in the vicinity of a residence at 11535 Shadduck Road on November 24, 2011, the day before the gun was stolen.**

With respect to whether evidence that Ollie was observed in the vicinity of a residence at 11535 Shadduck Road on November 24, 2011, can be introduced at trial pursuant to Fed.R.Evid. 404(b), the Government argues that:

> First, the evidence will establish that just prior to his burglary, theft and unlawful possession of the shotgun, Ollie was driving his white Pontiac minivan near 11535 Shadduck Road in Northeast, Pennsylvania, when he got it stuck in mud. A local resident will testify about his encounter with Ollie and his assistance to Ollie to extricate the van from the mud. Although this evidence is merely circumstantial evidence of Ollie's presence on Shadduck Road close in time to the burglary (and would be admissible regardless of Rule 404(b)), this evidence also represents circumstantial evidence of Ollie's "casing" Shadduck Road homes prior to burglarizing them. Notice of this evidence is given under Rule 404(b) out of an abundance of caution.

3

Notice, p. 3. The Government further explained with respect to this evidence that:

> The proffered evidence will establish Ollie's knowing possession, his intent to possess, and his plan to steal the firearm, because it shows that Ollie was likely casing or burglarizing residences on this remote road prior to stealing the shotgun. The evidence will show that Ollie was observed in the vicinity of a residence at 11535 Shadduck Road on November 24, 2011, and that he burglarized another residence at 11721 Shadduck Road on November 25, 2011, prior to entering the home and stealing the shotgun in this case.

Id. at p. 2.

We agree with the Government that this evidence is relevant and is being introduced for a proper purpose pursuant to Rule 404(b) to the extent that they seek to introduce the evidence in order to establish that Ollie was "casing" Shadduck Road homes prior to burglarizing them as part of his common plan or scheme of burglarizing houses on Shadduck. We further find that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Accordingly, said evidence is admissible to establish that Ollie was "casing" Shadduck Road homes prior to burglarizing them, and that he had a common plan or scheme of burglarizing houses on Shadduck Road.

**2. Evidence that Ollie burglarized another residence at 11721 Shadduck Road around November 25, 2011, prior to entering the home at 11618 Shadduck Road.**

With respect to evidence that Ollie burglarized another residence on Shadduck Road around November 25, 2012, the Government explains:

> evidence of the other burglary will come in the form of a victim testifying that his unoccupied residence at 11721 Shadduck Road was broken into, items of equipment were stolen, and that it had to have occurred sometime around November 25, 2011. The testimony from the Pennsylvania State Police (PSP) will establish that the items stolen from 11721 Shadduck Road were located in the back of Ollie's white Pontiac minivan after it was stopped by PSP as he fled from the 11618 Shadduck Road residence from which he stole the shotgun. In addition, the government will introduce evidence of Ollie's conviction for the November

4

25, 2011, 11721 Shadduck Road burglary at Erie County Court of Common Pleas Docket Number 505 of 2012.

Notice, p. 3. The Government then argues:

> In our case, the evidence is particularly probative because the other burglary happened on the same day and on the same remote, rural road where Ollie stole the shotgun from the gun cabinet. Ollie's conviction for burglary of the other Shadduck Road residence, and his possession in his van of the items stolen from that residence when he was fleeing the residence from which he had stolen the shotgun, is highly relevant and probative of the issues of knowledge, intent, lack of mistake or accident, and common plan or scheme. The logical inference to be drawn from the evidence of the earlier burglary is that Ollie was obviously present in the area, had the plan to burglarize homes on Shadduck Road and steal items therein, had knowledge of the items that had been taken and that were found present in his van, and that his theft of the shotgun was just part of his common scheme, plan and design to enter rural residences and steal items. In fact, there exists no logical "propensity" link that can come from the evidence of the other burglary. Ollie isn't charged with burglary in this case, thus, the government does not seek evidence of the prior burglary to prove Ollie's propensity to commit another burglary. We seek the admission of the evidence for relevant and proper purposes contemplated by Fed.R.Evid. 404(b).

Notice, pp. 9-10. See also Id. at p. 8. ("The government seeks to use the evidence of the other burglary to establish a logical link to the shotgun in Ollie's possession and his knowing possession of it when he stole it.").

We find that evidence that items stolen from 11721 Shadduck Road on or about the same day as the shotgun was stolen from the residence at 11618 Shadduck Road were found in Ollie's van, with Ollie in it, and that he ultimately was convicted of burglary on these facts in state court is both relevant and probative of the issues of Ollie's knowledge, intent, lack of mistake or accident, and his common plan or scheme to burglarize homes on Shadduck Road. We further find that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Accordingly, said

5

evidence is admissible to establish Ollie's knowledge, intent, lack of mistake or accident, and his common plan or scheme to burglarize homes on Shadduck Road.

**3. Evidence that in 2012 Ollie was convicted of unlawfully attempting to obtain a firearm by lying on a federal firearms transaction form about his prior record.**

The Government also seeks to introduce evidence that in 2012 Ollie attempted to obtain a firearm by lying on a federal firearms transaction form about his prior record. "The prior attempted unlawful possession will be offered to establish Ollie's knowledge and intent, and will prove his motivation and desire to obtain firearms despite his prohibition as a convicted felon." Notice, p. 2. The Government argues:

> With regard to the admission of Ollie's attempt to obtain a firearm seven months earlier by lying on an ATF Form 4473, the logical inference to be drawn is that: (1) Ollie was aware that he could not legally possess firearms but nevertheless, still desired to obtain firearms; (2) after his failed attempt, Ollie knew that he could not lawfully obtain a firearm because he got caught lying on the ATF form; (3) if Ollie wanted a firearm, he needed to obtain it unlawfully (in this instance by stealing it); and therefore, (4) when Ollie took the shotgun from the residence, he knew what he was doing and intended to possess the firearm.

Id. at p. 10.

With respect to this evidence. we find that this evidence is relevant and being introduced for a proper purpose pursuant to Rule 404(b) in that this prior unsuccessful attempt to purchase a firearm is probative of Ollie's motive for taking the shotgun as well as any possession on his part bring knowing and intentional and not a mistake. We further find that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Accordingly, this evidence is admissible to establish Ollie's knowledge and intent, and to prove his motivation and desire to obtain a firearm.

6

### 4. Limiting Instruction.

Counsel shall propose, if possible jointly, and the court will issue, a limiting instruction, instructing the jury to consider this Rule 404(b) evidence only for the proper evidentiary purposes and not as evidence of Defendant's character.

January 22, 2014

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior District Court Judge