# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| vs. | ) CR No. 12-18E<br>) |
| **JOSEPH LEE OLLIE** | )<br>) |
| **Defendant.** | )<br>)<br>) |

## MEMORANDUM OPINION

Pending before the Court is the Government's Notice of Intent to Use Evidence of Prior Convictions to Impeach the Credibility of the Defendant Pursuant to Fed.R.Evid. 609 [ECF 84]. By this motion, the Government seeks a pre-trial ruling from the Court as to whether it can introduce the following evidence of Defendant's prior convictions pursuant to Fed.R.Evid. 609 to impeach his credibility if he testifies at trial: (1) Ollie's 2012 conviction at Erie County, Pennsylvania, Court of Common Pleas docket number 505 of 2012, for burglary and theft; (2) Ollie's 2012 conviction at Western District of Pennsylvania docket number 12-9 Erie, for attempting to possess a firearm by falsification of firearms records; and (3) Ollie's 1988 conviction for forgery and theft by deception at Erie County, Court of Common Please docket number 355 of 1988. Federal Rule of Evidence 609 states in relevant part:

**Rule 609. Impeachment by Evidence of a Criminal Conviction**

(a) **In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> > (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> >
> > (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed.R.Evid. 609.

The first inquiry for a Court faced with a Fed.R.Evid. 609 issue is whether the offenses the Government seeks to have admitted fall under Rule 609(b)'s ten-year limitation. If the offenses fall within the ten-year period, then whether they are admissible will depend upon balancing whether "the probative value of the evidence outweighs its prejudicial effect to that defendant." In contrast, if they are considered outside the 10-year period the offenses can still be admitted, however, the government's burden is much greater. They must show that the "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Id. In other words, Rule 609(b) is basically a rebuttable presumption that convictions over ten years old are more prejudicial than probative.

Here, Ollie's 2012 convictions at Erie County, Pennsylvania, Court of Common Pleas docket number 505 of 2012, for burglary and theft, and at Western District of Pennsylvania docket number 12-9 Erie, for attempting to possess a firearm by falsification of firearms records

2

are not outside the ten-year period. Ollie's 1988 Pennsylvania state-court conviction for forgery and theft by deception is, however, outside the ten-year period. Therefore, "[e]vidence of [Ollie's 1988] conviction is admissible under Fed.R.Evid. 609 only if," we determine that "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Id.

The Government argues Ollie's 1988 conviction for forgery and theft by deception "ought to be admitted to impeach Ollie because it involved dishonesty and because its probative value substantially outweighs its prejudicial effect under Fed.R.Evid. 609(b)(1)" for the following reasons: "First, it is the kind of crime involving dishonesty that is highly probative of truthfulness. Second, the crime occurred when Ollie was 29 years old and is not a crime committed during his youth for which its present probative value might be questioned. Finally, Ollie's testimony and his credibility will be of paramount importance at trial." Notice, pp. 5 and 6.

When considering whether the probative value of admitting a prior conviction outweighs its prejudicial effect, the Third Circuit court has instructed that there are four factors to consider: (1) The kind of crime involved (the nature of the prior crime); (2) when the conviction occurred (the age of the conviction); (3) the importance of the defendant's testimony to the case; and (4) The importance of the credibility of the defendant. United States v. Greenidge, 495 F.3d 85, 97 (3d Cir. 2007); Government of the Virgin Islands v. Bedford, 671 F.2d 758, 761 n. 4 (3d Cir. 1982).

While we agree with the Government that the 1988 conviction for forgery and theft by deception is the kind of crime that is highly probative of truthfulness, and that Ollie's testimony and his credibility will be of paramount importance at trial, because this conviction occurred

more than twenty-five (25) years ago and other, recent, convictions will be admissible (see below) to impeach his credibility, we find that this conviction's probative value, supported by specific facts and circumstances, does not substantially outweigh its prejudicial effect. Accordingly, if Ollie decides to testify his 1988 conviction for forgery and theft cannot be admitted under Rule 609(b) to impeach his credibility.

Addressing next Ollie's 2012 conviction for falsification of a firearms transaction record, the Government argues that this conviction is a crimen falsi such that it must be admitted under Rule 609(a)(2):

> The elements of 18 U.S.C. § 922(a)(6), the offense Ollie pleaded guilty to on December 5, 2012, include the following: 1) that the owner of the gun shop where Ollie attempted to obtain the firearm was a licensed dealer; 2) that Ollie made a false statement in the attempted acquisition of a firearm from the gun shop; 3) that Ollie knew that the statement was false; and 4) that the false statement was intended or likely to deceive the gun shop owner with respect to any fact material to the lawfulness of the sale of the firearm. This conviction represents a classic example of crimen falsi where the crime involves false pretense or some element of untruthfulness, or falsification bearing on the accused's propensity to testify truthfully. This crime is clearly crimen falsi, and thus, is automatically admissible to impeach Ollie.

Notice, pp. 4-5.

We agree with the Government's position on this conviction. We find that with respect to Ollie's 2012 conviction for falsification of a firearms transaction record, we "can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement." Therefore, it is a crimen falsi and if Defendant elects to testify, then pursuant to Fed.R.Evid. 609(a)(2), the conviction can be admitted to impeach his credibility. See Elcock v. Kmart Corp., 233 F.3d 734, 752 (3d Cir. 2000) (appellate court noted trial court had followed mandate of Rule 609(a)(2) when it admitted evidence of witnesses' guilty pleas for crimes of dishonesty). See also Frederick v. Hanna, 2007 WL 853480,

*2 (W.D. Pa.) (J. Ambrose) (district court determined that the fact and date of a defendant's guilty plea would be admissible for purposes of impeachment pursuant to Rule 609(a)(1)).

Finally, we address Ollie's 2012 conviction for burglary. In support of its position that this conviction should be admitted the Government argues as follows. First, "Ollie's recent commission of a felony crime that involved him entering a residence and stealing items from a homeowner is ... reflective of his veracity if he takes the witness stand." Notice, p. 9. Second: "even though the Third Circuit does not consider burglary to be crimen falsi, it is the kind of offense where many courts disagree, and nonetheless is probative of veracity. In fact, Pennsylvania courts have deemed its own burglary statute to represent the kind of crime fitting in a class of offenses deemed dishonest for purposes of impeachment." Id. Third, "Ollie's testimony is important and the jury's assessment of his credibility is critical." Id. Fourth, "since the commission of the burglary is so recent in time, a jury may logically connect the fact of Ollie's commission of that crime with his falsifying his story at trial." Id. at p. 10.

With respect to Ollie's 2102 conviction for burglary, we find that: (1) this crime of stealth does reflect a lack of veracity on his part; (2) the conviction is a recent one; (3) his trial testimony is important; and (4) the jury's assessment of Ollie's credibility is critical. We also note, however, that based on the close proximity in time and the similarity of facts between the events underlying the 2012 burglary conviction and the events underlying the instant case (i.e. both involve breaking into a home on Shadduck Road and stealing items from the homeowner), there is a prejudicial aspect to this evidence. Taking all of this into account, we find that the probative value of the 2012 burglary conviction outweighs its prejudicial effect. Therefore, if he

5

testifies, evidence of Ollie's 2012 burglary conviction is admissible pursuant to Rule 609(a)(1) to impeach his credibility.

January 22, 2014

*Maurice B. Cohill Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge