UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 12-18E |
| ) | |
| JOSEPH LEE OLLIE ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Joseph Lee Ollie's Fed.R.Crim.P. 29(c) "Motion for Judgment of Acquittal as to Count One, Two, and Three" of the Indictment filed against him at CR 12-08E [ECF #96]. Said motion was filed *pro se* on March 3, 2014, although Mr. Ollie was represented by defense counsel John Knorr at the time (Mr. Ollie is now represented by new defense counsel having fired Attorney Knorr shortly thereafter) and defense counsel had moved for a motion for judgment of acquittal at the end of the jury trial in this case.

**I. Background.**

On January 29, 2014, following a three-day trial, the jury unanimously found Defendant guilty as to Counts One, Two, and Three of the Indictment filed against him at CR12-18E. Count One charged Mr. Ollie with being a felon unlawfully in possession of a firearm in violation of 18 U.S.C. §922(g)(1). Count Two charged Mr. Ollie with being unlawfully in possession of a firearm while subject to a court order that prohibited him from possessing a firearm, in violation of 18 U.S.C. §922(g)(8). Count Three charged Mr. Ollie with being unlawfully in possession of a stolen firearm knowing that it was stolen or having reasonable cause to believe that it was stolen, in violation of 18 U.S.C. §922(j). All three of these counts were based upon Mr. Ollie being accused of stealing a shotgun from the home of Eugene Hart and Stephanie Carniewski on

November 25, 2011. On January 29, 2014, immediately following the jury's verdict of guilty as to all three Counts of the Indictment and the Court's discharge of the jury, defense counsel Knorr moved for a judgment of acquittal on all counts of the Indictment pursuant to Fed.R.Crim.P. 29. The Court denied the motion for judgment of acquittal, stating: "In my opinion, the jury heard enough from the government to sustain their findings of guilty with respect to all three counts." January 29, 2014 Jury Trial – Day No. 3 Transcript, p. 6.

**II. Legal Analysis.**

In support of his Motion, Mr. Ollie contends: (1) "[t]he Court erred in charging the jury;" (2) "there was insufficient evidence to tie defendant Joseph Ollie to the charged offense, both the eyewitness Eugene HART['s] testimony and the glove print evidence was so inconclusive that no reasonable jury could have found guilt beyond a reasonable doubt;" (3) "[a] new trial should be granted because the Affidavit of Probable Cause and the affiant Police officer, James Brown's search warrant, was defective and untruthfully obtained by the District Justice;" (4) his trial counsel, John A. Knorr, had a conflict of interest that he did not reveal to Defendant in that one John G. Knorr III, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, is involved in the defense of a civil action Mr. Ollie filed against a number of the individuals involved in this criminal matter and Defendant believes him to be a family member of his counsel; (5) "[t]he jurors engaged in misconduct during the trial;" (6) "[t]he prosecutor engaged in misconduct during the trial;" (7) "defense counsel ineffectively moved for a motion under Rule 29, at trial;" (8) defense was ineffective for failing to subpoena an alibi witness, Gina Hadzega, who would have testified that as she was traveling west on Shadduck Road, she saw two black people running from the Hart residence towards a white vehicle, that she stopped to help, that the white car must have gone east because Ms. Hadzega did not see it again, and that

she did not see or notice either of the two people running from the house carrying a shotgun; and (9) when Eugene Hart identified Defendant at the preliminary hearing, Mr. Ollie was the only minority male in the room, such that the identification was prejudicial and we should have ordered a line-up prior to allowing Hart and any other witness who identified Defendant at the preliminary hearing to identify him at trial. Motion, ¶¶ 3-4, 7-8, 11-15, and 17-22.

A. Timeliness of Motion.

Pursuant to Fed.R.Crim.P. 29(c), "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Id. Similarly, "any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed.R.Crim.P. 33(b)(2). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed.R.Crim.P. 33(b)(1). Moreover: "[t]his time limit may be extended for good cause before its expiration, or even afterwards if the defendant's failure to act was due to excusable neglect. Fed. R.Crim. P. 45(b)(1). A district court has no jurisdiction, however, to consider a motion for acquittal that is untimely." U.S. v. Knight, 700 F.3d 59, 64 (3d Cir. 2012) (citing United States v. Gaydos, 108 F.3d 505, 512 (3d Cir.1997)). Accordingly, except to the extent that Defendant is contending that he is entitled to a new trial on the basis of newly discovered evidence, absent excusable neglect Defendant had to have filed this Motion within fourteen (14) days after January 29, 2014, i.e. no later than February 12, 2014 in order for this Court to be able to consider his Motion.

Even utilizing February 22, 2014, the date Defendant states on his unsigned Certificate of Service was the date he served the Motion on the prosecutor in this case as the date Defendant filed this Motion (the Motion was not actually filed with this Court until March 3, 2014), there is

3

no evidence of excusable neglect for why this Motion was untimely filed. Therefore, except to the extent that the Motion is premised upon a newly discovered evidence argument, it must be denied on the basis that it was not timely filed and therefore, we lack jurisdiction to consider it.

B. Entitlement of New Trial Based Upon Newly Discovered Evidence.

One of Defendant's arguments in support of his Motion is premised upon a newly discovered evidence argument, namely that he is entitled to a new trial because his trial counsel, John A. Knorr, had a conflict of interest that he did not reveal to Defendant in that one John G. Knorr III, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, is involved in the defense of a civil action Mr. Ollie filed against a number of the individuals involved in this criminal matter and Defendant believes that John G. Knorr III is related to trial counsel John A. Knorr. Specifically, Defendant contends:

> 11. . . . Joseph Ollie ha[s] a civil action complaint against 12 Pennsylvania Police Officers including Officer James G. Brown. On [    ] defendant filed his Pro se appellant brief which was received and dock[et]ed by the Third Circuit Court of Appeals on January 27, 2014, although he had a due date of no later than February 11, 2014.
>
> 12. Appellees in that case told the third circuit court that they had first became aware of the brief being filed through its ECF notice and took a copy of the brief off of the electronic docket to begin work on their response on that same date January 27, 2014. To date, counsel for appellant has not been served with a copy of the brief for appellant. It is clear that Joseph Ollie is representing himself in that case. In the Appellee's closing of their Motion to Recalculate the Due Date of Appellee's Brief in this case. For the first time, Joseph Ollie learned that Attorney <u>John C. Knorr III</u> Chief Deputy Attorney General's name appeared on that document.
>
> 13. Joseph Ollie alleges that there are circumstances where Attorney John Knorr should have been disqualified from representing him at his jury trial because of a conflict of interest or other bar to participate in the particular case. See e.g. Commonwealth v Breighner, 453 Pa. Super. 477, 684 A.2d 143 (19996) (en banc) (where conflict of interest exists as a result of district attorney's financial interest in civil suit related to criminal prosecution, matter must be referred to Attorney General, and not to a member of district attorney's staff);

4

14. Joseph Ollie alleges that it is believed that a potential conflict of interest may exist where Attorney John Knorr represented him in his criminal jury trial proceedings on January 21, 22, and 23, 2014. Joseph Ollie was found guilty by a jury, it may also be a potential conflict of interest, if it was a family member of Attorney John Knorr who may be the Chief Deputy Attorney General, because he did not inform Joseph Ollie his prior client that he had a family member who was working a[s] the Chief Deputy Attorney General when Joseph Ollie hired him and paid him $11,000 dollars for trial representation as his criminal trial counsel.

15. This was a violation of Joseph Ollie's rights to representation under the Sixth Amendment and a new trial should be granted on these grounds. Joseph Ollie was not given a cho[ice] by John Knorr to decide if he wanted to proceed with him as counsel, he withheld this information from Joseph Ollie and it was prejudiced his trial proceedings.

Motion, ¶¶11-15.

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33. "Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002). Further:

> The defendant bears the burden of proving that a new trial ought to be granted. United States v. Sasso, 59 F.3d 341, 350 (2d Cir. 1995). "A determination of whether it should grant a new trial is left to the discretion of a district court." United States v. Quiles, 618 F.3d 383, 390 (3d Cir. 2010) (citing United States v. Cimera, 459 F.3d 452, 458 (3d Cir. 2006) ("Although the decision to grant or deny a motion for a new trial lies within the discretion of the district court, the movant has a 'heavy burden' of [meeting the requirements].")). A new trial is warranted when the errors, "'when combined, so infected the jury's deliberations that they had a substantial influence on the outcome of the trial.' " United States v. Hoffecker, 530 F.3d 137, 168 (3d Cir. 2008) (quoting United States v. Copple, 24 F.3d 535, 547 n. 17 (3d Cir.1994)).

Mendoza v. U.S., 2013 WL 4010657, *2 (W.D. Pa.).

Here, even assuming that the two Knorr attorneys are somehow related, this familial relationship does not equate to trial counsel in this case having a financial interest in the

5

of Defendant's civil litigation against Commonwealth of Pennsylvania employees such that there was an actual conflict of interest in this case. Further, with respect to Defendant's contention that his trial counsel should have told him of such a relationship so he could decide whether to proceed with him as counsel and that this failure to reveal the relationship somehow prejudiced the trial proceedings, again, assuming there is a familial relationship, Defendant fails to provide any specifics in support of this conclusory allegation and we are unable to comprehend how any such failure prejudiced Defendant's trial proceedings, i.e. that there is a reasonable probability that but for this failure to reveal any such relationship, the result of the proceeding would have been different. To the contrary, the evidence introduced at trial, in the form of both eyewitness testimony and physical evidence, established beyond a reasonable doubt that it was, in fact, Mr. Ollie who stole the shotgun from the Hart residence. Specifically, there was Ms. Carniewski's testimony that she saw a black male in the Hart residence stealing the shotgun from the gun cabinet and then run outside and enter a white minivan. January 27, 2014 trial transcript, pp. 106-108. Next there was Mr. Hart's in-court identification of Mr. Ollie as being the man he saw approaching his house immediately prior to Ms. Carniewski telling him that someone had just stolen his shotgun and as being the man who drove the white van past him that Mr. Hart had seen parked in his residence's second driveway immediately prior to Ms. Carniewski telling him that someone had just stolen his shotgun. Id. at pp. 86-87. There also was Ms. Roberts' testimony that she was with Mr. Ollie immediately prior to and immediately after Mr. Ollie stole the shotgun from the Hart residence and that she was with Mr. Ollie when he threw the shotgun out the window of the white van, as well as Pennsylvania State Police officer James Brown's testimony that he found the shotgun on the side of the road near where Ms. Roberts told him it would be located. Id. at pp. 131-135; January 28, 2014 trial transcript, pp. 43-45. There also was the

6

testimony of Pennsylvania State Police officer Kirk Forsythe that a black glove was found in the Hart's second driveway where the white van had been parked prior to the shotgun being stolen, and that a black glove that closely resembled the glove found in the Hart driveway was found in Mr. Ollie's white van when it was stopped by the police a short time after the firearm was taken from the Hart residence. January 28, 2014 trial transcript, pp. 20-21, 25-27. There also was testimony from Trooper Brown that the two gloves found were a pair: "[t]he one in the car is the right hand; the one at the scene is the left hand," and that he found in the white van after it was stopped by the state police with Defendant and Ms. Roberts in it, a colored doo-rag and a dark-colored hoody jacket, both items of clothing which Mr. Hart had told the police the two people he had seen on his property and in the white van wearing. Id. at pp. 48-50. Accordingly, for all of the above reasons, we do not find that it is in the interest of justice to grant a new trial based upon this newly discovered evidence by Defendant.

### III. Conclusion.

In conclusion, Defendant Ollie's Motion for Judgment of Acquittal as to Counts One, Two, and Three of the Indictment filed against him at CR 12-08E [ECF 96], which we have considered both as a renewed motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29 and as a motion for a new trial pursuant to Fed.R.Crim.P. 33 shall be denied. An appropriate Order follows:

## ORDER

AND NOW, this __6__ th day of August 2014, it is HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Joseph Lee Ollie's *pro se* Motion for Judgment of Acquittal as to Counts One, Two, and Three of the Indictment filed against him at CR 12-08E [ECF #96] is DENIED. The Sentencing Hearing shall proceed as scheduled on September 25, 2014 at 2:00 P.M. in Courtroom 8A, U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219 before this Court.

                                              */s/ Maurice B. Cohill, Jr.*
                                              Maurice B. Cohill, Jr.
                                              Senior District Court Judge