**IN THE UNITED STATES DISTRICT COURT**
**OR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR 12-09 & 12-18 |
| | ) CV 17-77 & 17-78 |
| JOSEPH LEE OLLIE | |

**OPINION AND ORDER**

**SYNOPSIS**

In this matter, Defendant was convicted, at two separate dockets, on five firearm charges – at one docket, CR No. 12-09 ("12-09"), the conviction arose from a guilty plea; at the other, CR No. 12-18 ("12-18"), from a jury verdict.[1]  He was sentenced on September 25, 2014.  On August 19, 2015, the Court of Appeals affirmed his convictions in both cases.  United States v. Ollie, 624 F. App'x 807 (3d Cir. 2015).   Defendant's petition for writ of certiorari was denied on January 11, 2016.  Ollie v. United States, 136 S. Ct. 848 (2016).  On June 21, 2016, Defendant filed counseled Motions at both dockets pursuant to 28 U.S.C. § 2255, challenging his sentence pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).   The Motions were stayed pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017).  Following the resolution of Beckles, the stays were lifted and both counseled Motions were voluntarily dismissed by Notices filed on March 16, 2017 at both dockets.  Counsel then moved for and was granted permission to withdraw from both cases.

---

[1] Judge Cohill, and then Judge Fischer, presided over this matter before it was transferred to my docket on December 1, 2016.

Presently before the Court are Defendant's pro se Section 2255 Motions, which were docketed soon after the voluntary dismissal of his counseled requests for relief, and which raise issues other than Johnson. In particular, Defendant challenges the effectiveness of trial and appellate counsel in various respects throughout these proceedings. In support of his Motions, Defendant has filed multiple and voluminous supplements, most recently on July 25, 2017 at both docket numbers. For the following reasons, Defendant's Motions will be denied, and no certificates of appealability shall issue.

## OPINION

## I. APPLICABLE STANDARDS

### A. Section 2255

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Moreover, conclusory allegations in a § 2255 petition "may be disposed of without further investigation by the District Court." United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). A district court must "accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005) (citations omitted). However, vague and conclusory allegations contained in a Section 2255 petition may be disposed of without a hearing. Johnson v. United States, 294 Fed. Appx. 709 (3d Cir.2008). I further note that pro se pleadings are to be

construed liberally, and I have so construed Defendant's submissions.  See United States v.

Otero, 502 F.3d 331, 334 (3d Cir. 2007).  In this case, a hearing is unnecessary, and the Motions

will be disposed of on the record.

### B. Ineffective Assistance

Defendant's Motions implicate the standards applicable to claims of ineffective

assistance of counsel.  In order to demonstrate ineffective assistance, a defendant must show that

counsel's performance fell below "the wide range of professionally competent assistance" and

also that the deficient conduct prejudiced defendant. Strickland v. Washington, 466 U.S. 668,

687 (1984). Counsel's conduct must be assessed according to the facts of the particular case,

viewed as of the time of counsel's conduct. Id. at 689. Under the prejudice prong, the pertinent

question is "whether there is a reasonable probability that, absent the errors," the result would

have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d

Cir.1989). The prejudice prong of Strickland rests on "whether counsel's deficient performance

renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a

"substantive or procedural right to which the law entitles him." Id. at 844.

A Court's review of ineffective assistance claims must be "'highly deferential,'" and must

"'indulge a strong presumption' that, under the circumstances, counsel's challenged actions 'might

be considered sound … strategy.'" Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir. 1999) (quoting

Strickland, 466 U.S. at 689).  Moreover, "[d]ecisions in trial strategy are to be afforded

appropriate deference; it is not the Court's role to second-guess such decisions, absent a

fundamental defect." United States v. Pawlowski, No. 9-209, 2014 U.S. Dist. LEXIS 66607, at

*5 (W.D. Pa. May 15, 2014). Therefore, it is "only the rare claim of ineffectiveness of counsel

that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." Gray, 878 F.2d at 711.

### C. DEFENDANT'S MOTIONS

### A. Timeliness

As a threshold matter, the Government challenges the timeliness of Defendant's pro se Motions to Vacate. As recounted supra, Defendant was sentenced on September 25, 2014.[2] On August 19, 2015, the Court of Appeals affirmed Defendant's convictions. United States v. Ollie, 624 F. App'x 807 (3d Cir. 2015). Defendant's petition for writ of certiorari was denied on January 11, 2016. Ollie v. United States, 136 S. Ct. 848 (2016). Defendant's counseled Section 2255 Motions were then filed on June 21, 2016; each Motion raised only a claim pursuant to Johnson. Subsequently, the Motions were stayed pending the Supreme Court's decision in Beckles. On March 16, 2017 at both dockets, after Beckles was decided, Defendant filed Notices of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). The Motions were terminated accordingly.

On April 3, 2017, Defendant then filed pro se Motions to Vacate at both dockets, again raising Johnson. Ten days later, at 12-18 only, he filed a Motion to Voluntarily Dismiss his April 3, 2017 Motion to Vacate, and the Court granted same by Order dated April 21, 2017. In the Motion to Voluntarily Dismiss, Defendant acknowledged that following Beckles, his Section 2255 Motion "as filed does not have any serious purpose or value at this time." Also on April 21, 2017 at 12-18, Defendant filed the Motion to Vacate now before the Court; at 12-09, his

---

[2] The docket is sprinkled with Defendant's requests for Section 2255 relief. On January 9, 2013, in 12-09, Defendant filed a Motion to Vacate, alleging several instances of ineffective assistance of counsel in connection with the plea process and otherwise. The Court denied the Motion on January 9, 2013, because it preceded Defendant's sentencing. In 12-18, on May 7, 2013, Defendant filed a Section 2255 Motion, alleging ineffective assistance of counsel. The Court concluded that Defendant did not properly seek Section 2255 relief, construed the Motion as a request to be released from detention, and denied same. On October 7, 2013, Defendant again filed a Motion alleging ineffective assistance of counsel. As it had in 12-09, the Court denied the Motion as premature at the pre-trial stage.

April 3, 2017 Motion, later amended on April 24, 2017, remains pending.[3]  The pending Motions

aver various instances of ineffective assistance of counsel, in addition to the Johnson issue raised

only at 12-09.  Thus, absent consideration of the voluntarily-dismissed Johnson Motions, the

pending Motions were filed months after the one-year limitations period of Section 2255(f) had

expired.[4]

A Rule 41(a)(1)(A)(i) notice is self-executing, and permits no interference by the court.[5]

See In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165-66 (3d Cir. 2008).  As

stated in the civil context, "the effect of a Rule 41(a)(1) dismissal is to put the [petitioner] in a

legal position as if he had never brought the first suit." Yesh Music v. Lakewood Church, 727

F.3d 356, 359 (5th Cir. 2013).   Accordingly, voluntary dismissal of a Section 2255 Motion, even

if done without prejudice, affords no "special assurance of continuing access to the district court

regardless of the time limit specified in the AEDPA…." Crenshaw v. Hubbard, 3 F. App'x 620,

621 (9th Cir. 2001).  A Rule 41(a)(1)(A)(i) dismissal "will not excuse [a defendant] from

compliance with the one-year period of limitation." Gainey v. United States, No. 12-28, 2013

U.S. Dist. LEXIS 120203, at *2 (E.D.N.C. Aug, 23, 2013); see also Palma-Quezada v. United

States, No. 13-1496, 2016 U.S. Dist. LEXIS 111611, at *2 (S.D. Tex. July 26, 2016).  Otherwise

stated, "while a subsequent § 2255 motion will not be barred purely by virtue of the dismissal of

[a voluntarily dismissed Section 2255] action, any future petition for a writ of habeas corpus …

will be subject to all statutory provisions applicable to such actions, including those enacted

---

[3] For purposes of clarity, all pending Motions will be referred to collectively, unless a specific Motion requires separate reference.

[4] Similarly, Section 2255 bars second or successive petitions, absent certification by the Court of Appeals or other circumstances not at issue here.  28 U.S.C. § 2255(h).   The Government does not challenge Defendant's Motions based on this statutory bar.

[5] Here, Defendant filed Notices of Voluntary Dismissal regarding his counseled petitions.  The Section 2255 Motions were then terminated, as an administrative matter, pursuant to the Notice.  As to his subsequent pro se Section 2255 Motion filed on April 3, 2017 in 12-18, Defendant filed a Motion for Voluntary Dismissal, rather than a Notice, without specifying the procedural vehicle for dismissal.

under the [AEDPA]." McGee v. United States, No. 111-192, 2012 U.S. Dist. LEXIS 192329, at

*3 n.3 (S.D. Ga. Aug. 17, 2012). This is consistent with the concept that a claim asserted after a

Rule 41(a) dismissal must comply with the statute of limitations, and that the limitations period

continues to run following such dismissal. Cf., e.g., Nelson v. Napolitano, 657 F.3d 586, 590

(7th Cir. 2011). Moreover, Defendant has not asserted any legitimate grounds for "resetting the

clock" pursuant to Section 2255(f)(3), or any other statutory basis for nullifying the effect of

Section 2255(f)(1).[6]

Defendant does, however, claim entitlement to equitable tolling. Equitable tolling applies

when "extraordinary circumstances that stood in the way of timely filing," and Defendant

exercised reasonable diligence. Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Both

prongs are required; the lack of one is fatal to a request for tolling. Mayberry v. Gavin, Civil

Action No. 13-883, 2016 U.S. Dist. LEXIS 1667, at *13 (W.D. Pa. Jan. 7, 2016). Equitable

tolling should be invoked sparingly. United States v. Bass, 268 F. App'x 196, 199 (3d Cir.

2008).

In support of his contention, Defendant asserts that in April, 2016, the Federal Public

Defender's Office ("FPD") apprised him that it had been appointed to represent indigent

defendants who may qualify for Johnson relief. In March, 2016, he states, he contracted with a

different attorney to file a Section 2255 Motion. Defendant has attached correspondence from

that attorney, dated October 20, 2016, indicating that the attorney found no errors by counsel that

could be asserted on Defendant's behalf. The letter further advised Defendant that Section 2255

---

[6] Welch v. United States, 136 S. Ct. 1257 (2016), impacts the timeliness of Johnson Motions, but itself does not
reset Defendant's deadline to run from March 30, 2016, when Welch was decided. Likewise, Descamps v. United
States, 133 S. Ct. 2276 (2013), was decided long before Defendant's Motions were filed, and does not fulfill the
dictates of Section 2255(f)(3); thus, it cannot impact the limitations period here. See, e.g., Gary v. Kallis, No. 17-
1255, 2017 U.S. Dist. LEXIS 77865, at *10 (D. Md. May 23, 2017) (collecting cases). Similarly, Mathis v. United
States, 136 S. Ct. 2243 (2016), does not buttress the timeliness of Defendant's Motion. See, e.g., United States v.
Gutierrez, No. 10-1717, 2017 U.S. Dist. LEXIS 137844, at *7 (D.N.M. Aug. 28, 2017) (collecting cases).

does not allow piecemeal claims. Defendant also attaches an e-mail exchange, beginning on October 19, 2016, requesting his legal files from counsel. Defendant now avers that the FPD did not advise him of the one-year limitations period or the consequences of withdrawing his Section 2255 Motions.[7]

Accepting Defendant's assertions as true, however, they do not establish the "extraordinary circumstances" required to equitably toll the one-year limitations period. See, e.g., United States v. Mathis, No. 9-339, 2017 U.S. Dist. LEXIS 140261, at \*\*4-5 (W.D. Pa. Aug. 31, 2017).[8] Defendant does not claim, for example, that counsel affirmatively misled him regarding the limitations period, or in any way prevented him from discovering its applicability; nor does he assert that he ever addressed the possibility of ineffective assistance claims, or his desire to raise them, with the FPD.[9] It is clear that mere procedural ignorance, or unfamiliarity with the law, does not warrant equitable tolling. Id. Likewise, "excusable neglect is insufficient" to warrant equitable tolling. United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013). In this case, under all of the pertinent circumstances, tolling is unwarranted.

---

[7] Defendant submits a letter from the FPD, addressed to him and dated March 7, 2017, that explained the substance of Beckles and stated as follows:

> It is extremely difficult to file more than one habeas motion. If the district court denies your § 2255 on the merits, as it must under Beckles, then you…must first obtain permission from the Court of Appeals to file a second or successive § 2255 motion. It is very difficult to obtain this permission…Please contact us as soon as possible – by phone or by letter – to let us know whether you agree to withdraw your § 2255.

[8] To the extent that Defendant intends to assert that the FPD was ineffective in failing to properly advise him regarding the impact of voluntary dismissal, or other potential claims, it is clear that such conduct neither fell below applicable performance standards nor caused the required prejudice. Given that retained counsel found no grounds to challenge counsel's conduct, and this Court's consideration and assessment of Defendant's claims, there is no reasonable probability that the outcome would have been different had the FPD advised Defendant differently.

[9] The Court notes that throughout these proceedings, Defendant has evidenced both the willingness and ability to seek judicial redress often, and on a pro se basis, whether or not he was represented by counsel. Also noted is that as early as January 9, 2013, in 12-09, Defendant submitted a pro se request to the Court on a form Section 2255 Motion, which clearly identified the existence of "a one-year statute of limitations as contained in 28 U.S.C. § 2255," and set forth the substance of that statute of limitations.

**B. Merits**

Even if Defendant's Motions were deemed timely, his challenges to counsel's conduct would be denied on the merits.[10]   Defendant argues that both appellate and trial counsel were ineffective in myriad ways.  These include, <u>inter alia</u>, allegations of ineffectiveness with regard to the following subjects:  his sentencing under the Guidelines, sufficiency of the evidence, an obstruction of justice enhancement, proof of mental health issues, probable cause regarding a vehicle search, a <u>Batson</u> issue, an entrapment defense, a weapon enhancement, evidence resulting from a lineup, the prosecutor's closing argument, a key prosecution witness, and an in-court identification.   I have reviewed each of Defendant's contentions under the standards imposed by <u>Strickland</u>.  In brief, counsel was not deficient regarding the jury instructions, which were in keeping with applicable model instructions; our Court of Appeals rejected an argument based on the sufficiency of the evidence; an entrapment defense, under the facts of this case, was unlikely to succeed; and the same is true for the suppression motions to which Defendant points.  The parties argued, and the Court made findings, regarding the obstruction of justice enhancement; counsel's performance did not fall below applicable standards.  Defendant's suggestion that the prosecutor's closing argument, which referred to a witness whose testimony included the use of a racial epithet, "may have" stirred the jury's passion, is insufficient to demonstrate the required prejudice; the same is true with Defendant's contentions regarding <u>Batson</u>.  As to Defendant's remaining claims of ineffectiveness, neither the record nor Defendant's arguments demonstrate the rare ineffective assistance claim that should succeed.

---

[10]Defendant was not sentenced under the Armed Career Criminal Act. In light of <u>Beckles</u>, it is unclear on what grounds Defendant contends that his Guidelines sentence was unsupported.   For the reasons stated <u>supra</u> in note 6, to the extent that Defendant's challenge rests on grounds other than <u>Johnson</u>, that challenge is untimely.  His extant <u>Johnson</u> challenge, even if timely, cannot succeed in light of <u>Beckles</u>.

**III. CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, as regards the Section 2255 contentions denied herein, Defendant has not made such a showing at either 12-09 or 12-18. Therefore, certificates of appealability will not issue with respect to either Motion.

**CONCLUSION**

In sum, Defendant's pro se Motions are untimely.  Even if they were timely filed, however, Defendant has not demonstrated a fundamental defect that inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure.  His Motions will be denied, and no certificates of appealability shall issue.  An appropriate Order follows.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose, Senior Judge

United States District Court

Dated:  December 1, 2017

UNITED STATES OF AMERICA    )
                                      )

        v.                           ) CR 12-09 & 12-18
                                        ) CV 17-77 & 17-78

JOSEPH LEE OLLIE

**ORDER OF COURT**

AND NOW, this 1st day of December, 2017, it is hereby ORDERED, ADJUDGED, and

DECREED that Defendant's Motions to Vacate, CR 12-09 [105] and CR 12-18 [152] are

DENIED.  No certificates of appealability shall issue in either case.

                                   BY THE COURT:

                                   /s/Donetta W. Ambrose

                                   _____

                                   Donetta W. Ambrose, Senior Judge

                                   United States District Court